**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re DORA MOORE, | ) Case No. 07-60231-LYN |
| | ) |
| Debtor, | ) |
| | ) Chapter 7 |

**MEMORANDUM AND ORDER**
**ON OBJECTIONS TO CLAIMS NO. 2 AND NO. 7**

The matter comes before the court on the debtor's objection to Claim #2 and Claim #7 of creditor Barry Law.

*I. Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*II. Facts*

On July 15, 2004, the debtor filed a chapter 13 petition designated as case no. 04-02727 ("the First Case"). On September 15, 2005, a Final Order of Equitable Distribution and Spousal Support ("the Separation Order") was entered in the Circuit Court of the City of Danville, that, among other things, awarded to Barry Law a judgment against the debtor in the amount of $3,500.00, which amount represented his undivided one-half interest in the marital residence and all other real and personal marital property.

On March 28, 2006, the First Case was converted to chapter 7. On June 26, 2006, the debtor received a discharge in the First Case and it was closed in the normal course.

On February 13, 2007, the debtor filed a petition commencing the instant chapter 13 case. On February 23, 2007, Barry Law filed an unsecured proof of claim in the amount of $3,744.50. On April 27, 2007, Barry Law filed a second proof of claim in the same amount, but designated the claim as a priority claim under Section 507(a)(7).

On June 11, 2007, the debtor filed an objection to both proofs of claim, asserting that the claim was discharged in the First Case.

### *III. Discussion*

A chapter 7 discharge discharges the debtor from all debts that arose before the date of the order for relief under chapter 7. 11 U.S.C. § 727(b). The commencement of a voluntary case under a chapter 13 constitutes an order for relief under that chapter. 11 U.S.C. § 303(b). The conversion of a case from a case under one chapter to a case under another chapter constitutes an order for relief, *but does not change the date of the order for relief*. 11 U.S.C. § 348(a) (Emphasis added.).

The discharge in the First Case only discharged those debts that arose before the date that the petition was originally filed. The debt arising under the Separation Order arose on September 15, 2005, after the filing of the petition in the First Case. It was not discharged by the discharge order in that case.

Claim #7 supersedes Claim #2 and Claim #2 is therefore disallowed. The objection to Claim #2 will be sustained. Claim #7 is filed as a priority claim under Section 507(a)(7). It is clear that this is a reference to a designation under the Bankruptcy Code for cases filed before

October 17, 2005. It is also clear that Section 507(a)(1) is the section under which the claim for priority status is made. That section gives priority to "domestic support obligations". A "domestic support obligation" means a debt owed to a spouse or former spouse that is in "the nature of alimony, maintenance, or support". 11 U.S.C. § 101(14A). An award made pursuant to a division of property is not in the nature of alimony, maintenance, or support and is not entitled to priority status. Claim #7 will be allowed as an unsecured claim.

## **ORDER**

The objection to Claim #2 is sustained. The objection to Claim #7 is sustained in part and overruled in part. Claim #7 is allowed as a general unsecured claim in the amount of $3,744.50.

So ORDERED.

Upon entry of this Memorandum and Order, the Clerk shall forward a copy to Barry Law, to Reginald R. Yancey, Esq., counsel for the debtor, and to the chapter 13 trustee.

Entered on this  31st  day of July, 2007.

_____
William E. Anderson
United States Bankruptcy Judge