**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | |
|---|---|
| In re DORA MOORE, ) | Case No. 07-60231-LYN |
| ) | |
| Debtor, ) | |
| ) | Chapter 7 |

**MEMORANDUM AND ORDER**
**ON OBJECTION TO CLAIM #6**

The matter comes before the court on the debtor's objection to Claim #6 of creditor Jefferson Capital Systems, LLC ("Jefferson Capital").

*I. Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). Accordingly, this Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as directed by Fed.R.Civ.P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

*II. Facts*

On July 15, 2004, the debtor filed a chapter 13 petition designated as case no. 04-02727 ("the First Case"). On August 30, 2005, the debtor opened an account with Jefferson Capital.

Jefferson Capital charged off the account on September 8, 2006.

On March 28, 2006, the First Case was converted to chapter 7. On June 26, 2006, the debtor received a discharge in the First Case and it was closed in the normal course.

On February 13, 2007, the debtor filed a petition commencing the instant chapter 13 case. On February 23, 2007, Jefferson Capital filed an unsecured proof of claim in the amount of $895.44.

The debtor filed an objection to the proof of claim, asserting that the claim was discharged in the First Case.

### *III. Discussion*

A chapter 7 discharge discharges the debtor from all debts that arose before the date of the order for relief under chapter 7. 11 U.S.C. § 727(b). The commencement of a voluntary case under a chapter 13 constitutes an order for relief under that chapter. 11 U.S.C. § 303(b). The conversion of a case from a case under one chapter to a case under another chapter constitutes an order for relief, *but does not change the date of the order for relief*. 11 U.S.C. § 348(a) (Emphasis added.).

The discharge in the First Case only discharged those debts that arose before the date that the petition was originally filed. The debtor opened the Jefferson Capital Account in August of 2005, a date that was after the filing of the petition in the First Case. It was not discharged by the discharge order in that case.

### **ORDER**

The debtor's objection to Claim #6 is overruled.

So ORDERED.

Upon entry of this Memorandum and Order, the Clerk shall forward a copy to Jefferson Capital Systems, LLC, to Reginald R. Yancey, Esq., counsel for the debtor, and to the chapter 13 trustee.

Entered on this  31st  day of July, 2007.

_____
William E. Anderson
United States Bankruptcy Judge